Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Wednesday, May 03, 2006 10:11:20 AM

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANNY LEE CARR | ) | CASE NO. 06-189 |
| | ) | |
| Debtor. | ) | Chapter 13 |

### MEMORANDUM OPINION

This case came before the court on April 18, 2006, pursuant to an order to show cause as to why this case should not be dismissed due to the failure of Danny Lee Carr (the "Debtor") to obtain pre-petition, non-profit, budget and credit counseling as required by 11 U.S.C. § 109(h). For the reasons stated herein, the court will dismiss the Debtor's case.

The Debtor is an over-the-road truck driver. The Debtor was delinquent on his home mortgage payments and his mortgage creditor had initiated foreclosure proceedings. The foreclosure sale was scheduled for Monday, March 20, 2006. On Friday, March 17, 2006, the Debtor contacted his attorney to file bankruptcy, which was filed before the foreclosure sale took place. When the Debtor filed his case, however, he had not completed a pre-petition, non-profit, budget and credit counseling briefing.

The Debtor's attorney then filed a certificate of exigent circumstances to request an extension of time to obtain credit counseling services. The court set that certification for hearing, but the Debtor withdrew it before the hearing date. The Debtor subsequently filed a certificate of credit counseling reflecting that credit counseling services were obtained on March 28, 2006 – seven days after the petition was filed.

Section 109(h)(1) states that "an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of the filing of the petition by such individual,

received from an approved nonprofit budget and credit counseling agency . . . an individual or a group briefing . . . that outlined the opportunities for available credit counseling . . . ." § 109(h)(1). By its terms, the credit counseling must be received by a debtor before filing a bankruptcy petition. Only three exceptions to this requirement exist.

First, the requirement for credit counseling does not apply "with respect to a debtor who resides in a district for which the United States trustee . . . determines that the approved nonprofit budget and credit counseling agencies for such district are not reasonably able to provide adequate services . . . ." § 109(h)(2)(A). The United States trustee for the Northern District of West Virginia has not made that determination and, in fact, has approved the services of numerous non-profit budget and credit counseling agencies. Credit counseling is available in this district through the internet, by telephone, or by personal interview.

Second, a debtor can obtain a waiver of the requirement that credit counseling services be obtained pre-petition by submitting a certification:

> (3) (A) [The pre-petition credit counseling requirement] shall not apply with respect to a debtor who submits to the court a certification that –
> 
> > (i) describes exigent circumstances that merit a waiver of [the credit counseling requirement];
> > (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 5-day period beginning on the date on which the debtor made the request; and
> > (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A).

Even assuming that the Debtor could show exigent circumstances due to an impending foreclosure,[1] the Debtor did not request credit counseling services from an approved non-profit budget and credit

---

[1] *Compare Dixon v. LaBarge (In re Dixon)*, 338 B.R. 383 (B.A.P. 8th Cir. 2006) (affirming the bankruptcy court's ruling that a foreclosure was not an exigent circumstance due to the length of the State law statutory notice provision preceding a foreclosure suit) *with In re Wallert*, 332 B.R. 884, 887 (Bankr. D. Minn 2005) ("The Debtor's statements identify a circumstance, an impending sheriff's sale in foreclosure of a mortgage against her homestead, that in isolation is "exigent," as contemplated by 11 U.S.C. § 109(h)(3)(A)(I).").

2

counseling agency before filing his petition. *See, e.g.*, *In re Thomas*, No. 06-10242, 2006 Bankr. LEXIS 362 at *6 (Bankr. D. Kan. March 14, 2006) ("Debtor's certificate is deficient because it fails to state that he requested credit counseling before filing and was unable to obtain the credit counseling within five days of the request."). Because the Debtor never made a pre-petition request to obtain credit counseling services, the exemption provided in 11 U.S.C. § 109(h)(3)(A) is not applicable.

Third, the court can only completely waive the requirement for pre-petition, non-profit, budget and credit counseling services in extreme cases:

> (4) The requirements [of credit counseling] shall not apply with respect to a debtor whom the court determines, after notice and a hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing . . . .

§ 109(h)(4).

There is no showing in this case that the Debtor is wholly exempt from the credit counseling requirements of § 109(h). Because the Debtor did not obtain pre-petition, approved, non-profit budget and credit counseling services and because no exemption to that requirement applies in this case, the Debtor is not eligible to be a debtor under the Bankruptcy Code.[2] Therefore, the court will dismiss the

---

[2] At the hearing in this matter, the Debtor expressed concern over whether he would be barred from refiling another Chapter 13 case should this one be dismissed. *See* 11 U.S.C. § 109(g) ("[N]o individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if – (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court . . . ."). The § 109(g) bar to refiling requires evidence that a debtor willfully failed to obey a court order. *E.g.*, *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 942 (4th Cir. 1997) ("'[T]he plain language' of § 109(g) bars a subsequent filing sanction only if the bankruptcy court finds a previous case was dismissed because of a debtor's 'willful failure' to abide by a court order."). No party has presented any evidence in this case that the dismissal is due to a willful failure of the Debtor to abide by a court order and the court is not entering any finding in this case that would implicate the § 109(g) bar to refiling.

Debtor's bankruptcy case.[3]  The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021.

---

[3] The court finds that the Debtor's argument regarding the approach by this court's predecessor to be unavailing.  The Debtor suggests that a more lenient view of the requirements of § 109(h) were prevalent.  Yet, the Debtor acknowledges that those rulings occurred on a case by case basis and were of no precedential value.  Moreover, the Debtor readily notes that a fresh look at this emerging issue by a new judge is liable to render a different result.  Finally, the Debtor accepts the notion that the clear weight of legal authority which has evolved regarding § 109(h) stands in opposition to the application he now urges.

4